IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER KERNS | : | CIVIL ACTION |
| V. | : | NO. 06cv5575 |
| DREXEL UNIVERSITY | : | |

MEMORANDUM - ORDER

YOHN, J.                                                                                                                 October      , 2008

The court has already filed a forty-five page Memorandum and Order dealing with the multiplicity of issues raised by defendant in its motion for summary judgment. Both defendant and plaintiff have filed motions for reconsideration. They will be denied. Neither party presents any persuasive ground for reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration is proper where the moving party demonstrates one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *see also Rock v. Voshell*, No. 05-1468, 2005 WL 3557841, at *1 (E.D. Pa. Dec. 29, 2005) ("Mere dissatisfaction with the Court's ruling is

not the basis for such a reconsideration, nor can such a motion be used as a means to put forth additional arguments which could have been made but which the party neglected to make."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa.1995).

Defendant argues that the court made two clear errors of fact that should be corrected. It first contends that the court made a mistake of fact by failing to properly weigh evidence of how it treated numerous workers in the disciplinary process in concluding that plaintiff made a prima facie case of racial discrimination. Defendant actually disputes the court's application of correct law to presented facts. (*See* Def.'s Mem. of Law 1 ("Contrary to the court's conclusion, the record evidence establishes no inference of discrimination."), 3 ("The evidence fails to raise any inference of race discrimination as a matter of law.").) This claim is thus not a ground for reconsideration; defendant merely asks the court to reconsider the same evidence under the same standard.

Defendant next contends that the court overlooked record evidence of non-retaliatory justifications for its intermediate acts of discipline against plaintiff when concluding that defendant had proffered no non-retaliatory justification for those intermediate disciplinary actions. Defendant directs the court to disciplinary records provided in exhibit L as its articulation of legitimate, non-retaliatory justifications for issuing the intermediate disciplinary actions. The court was aware of these records. However, nowhere in defendant's briefs did it rely on those records to proffer an argument that the evidence constituted a legal basis on which to conclude it had a nonretaliatory justification; therefore, it was not entitled to summary judgment on the basis of those records. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that "a party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact"). And, it may not ask the court to consider the evidence for the first time on reconsideration.

Plaintiff moves for reconsideration on its retaliatory termination claim because it believes the court committed an error of law in holding that it did not rebut defendant's non-retaliatory reason for terminating him. Plaintiff presents no evidence, law, or argument not addressed by the court in the July 24, 2008 Memorandum and Order; therefore, plaintiff is not entitled to reconsideration on this basis.

The court will deny the motions for reconsideration.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER KERNS | : | CIVIL ACTION |
| V. | : | NO. 06cv5575 |
| DREXEL UNIVERSITY | : | |

O R D E R

**AND NOW**, this 15th day of October, 2008, upon consideration of the Motion for Reconsideration of Defendant Drexel University (Document No. 45), plaintiff's response and Motion for Reconsideration (Document No. 46) and plaintiff's reply, **IT IS HEREBY ORDERED** that the motions are **DENIED**.

        s/William H. Yohn Jr.
        William H. Yohn Jr., Judge